# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RIGRODSKY & LONG, P.A., RM LAW, P.C., and LACHTMAN COHEN P.C.,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>CRYSTAL ROCK HOLDINGS, INC., COTT CORPORATION, and CR MERGER SUB, INC.,<br>　　　　　　Defendants. | Civil Action No. _____ |

## DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Crystal Rock Holdings, Inc. ("Crystal Rock"), Cott Corporation ("Cott"), and CR Merger Sub, Inc. ("CR Merger Sub"; together with Crystal Rock and Cott, "Defendants"), being all of the defendants in this civil action, hereby remove this action from the Connecticut Superior Court, Judicial District of Waterbury, at Waterbury, to the United States District Court for the District of Connecticut. In support of their Notice of Removal to Federal Court, the Defendants state as follows:

1. Plaintiffs Rigrodsky & Long, P.A., RM Law, P.C., and Lachtman Cohen P.C. (collectively, the "Plaintiffs") filed a complaint (the "Complaint") initiating a civil action against the Defendants in Connecticut Superior Court, J.D. of Waterbury, on or about October 11, 2018, captioned *Rigrodsky & Long, P.A., RM Law, P.C., and Lachtman Cohen P.C. v. Crystal Rock Holdings, Inc., Cott Corporation, and CR Merger Sub, Inc.*, Civil Action No. UWY-CV18-6044174-S (the "Civil Action").

2. A copy of the Connecticut Superior Court's docket, including the summons; the complaint; the additional parties page and returns of service are attached hereto as <u>Exhibit 1</u>.

3. Defendant Crystal Rock received a copy of the summons and Complaint as of October 22, 2018 and accepted service of the summons and Complaint as of October 22, 2018. Crystal Rock's 30-day period for removal runs from the October 22, 2018 date of service of process of the complaint and summons. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999). A copy of Plaintiffs' Certification of Service, as filed by Plaintiffs in the Connecticut Superior Court (Entry No. 100.30) setting forth these dates is included within Exhibit 1.

4. Crystal Rock has not yet answered or otherwise responded to the Complaint.

5. Defendant CR Merger Sub received a copy of and was served with the summons and Complaint as of October 29, 2018. A copy of Plaintiffs' Return of Service, as filed by Plaintiffs in the Connecticut Superior Court (Entry No. 101.00) setting forth these dates is included within Exhibit 1.

6. CR Merger Sub has not yet answered or otherwise responded to the Complaint.

7. Defendant Cott received a copy of and was served with the summons and Complaint as of October 29, 2018, at the same time and place that CR Merger Sub was served as set forth in paragraph 5 above. Plaintiffs have not filed with the Connecticut Superior Court any proof of service with respect to service of process on Cott.

8. Cott has not yet answered or otherwise responded to the Complaint.

9. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is filed with this Court within thirty (30) days after receipt by and service upon the Defendants of the summons and complaint. *Murphy Bros.*, 526 U.S. at 354.

10. The cause of action raised by Plaintiffs in the Complaint is for attorneys' fees allegedly owing in connection with Plaintiffs' work addressing alleged violations by Defendants of Sections 14 and 20 of the Securities Exchange Act of 1934 in a prior federal court litigation

(*Lombardi v. Crystal Rock Holdings, Inc. et al.*, 3:18-cv-00398 (D. Conn filed March 5, 2018)). *See* Complaint (included within Ex. 1 hereto) at ¶¶ 17; 30-32.  Under the laws of the United States, federal law governs a claim, including the present one, for attorneys' fees when federal law governs the underlying substantive claims in connection with which the attorneys' fees have been allegedly earned.  See Boeing Co. v. Van Gemert, 444 U.S. 472 (1980) (applying federal law common benefit doctrine for attorneys' fees claims arising under federal Trust Indenture Act of 1939); In re Johnson, 756 F.2d 738, 740-41 (9th Cir. 1985) (holding that federal law governs entitlement to attorneys' fees when federal law governs the underlying substantive claims); Hassen Imports P'Ship v. KWP Fin. VI, 256 B.R. 916, 921 (B.A.P. 9th Cir 2000) (applying federal law to a claim seeking attorneys' fees because the substantive underlying claim arose under federal bankruptcy law); Franco v. Ruiz Food Prods., No. 1:10-cv-02354-SKO, 2012 U.S. Dist. LEXIS 169057, at *44 (E.D. Cal. Nov. 27, 2012) ("The attorneys' fees here will be awarded pursuant to federal law since the case is based on federal question under the FLSA."); Greenawalt v. Sun City W. Fire. Dist., No. CV 98-1408 PHX-ROS, 2006 U.S. Dist. LEXIS 40450, at *3 (D. Ariz. June 10, 2006) ("Courts apply federal law to claims arising under federal law, including determination of underlying attorneys' fees awards."); Atighi v. Green, 317 B.R. 792, 795 (Bankr. C.D. Cal. 2004) ("All of the attorneys fees included in the notice of default were incurred in Atighi's prior bankruptcy case.  The substantive issues in the bankruptcy case were governed by federal law and thus federal law, not state law, governs the award of attorneys fees.").

11.     Accordingly, the Civil Action and Complaint's cause of action arises under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 and thus may be removed to this court by Defendants pursuant to 28 U.S.C. § 1441.

12. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Connecticut Superior Court, J.D. of Waterbury, and will also serve a copy upon the Plaintiffs' counsel of record.

WHEREFORE, Defendants request that the above-action now pending against in the Connecticut Superior Court, Civil Action No. UWY-CV18-6044174-S, be removed to this Court.

November 20, 2018

CRYSTAL ROCK HOLDINGS, INC.

By its attorneys

*/s/ John A. Shope*                .
John A. Shope (Juris No. ct09583)
jshope@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: (617) 832-1000
Fax: (617) 832-7200

-and-

Matthew C. Baltay
mbaltay@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Tel: (617) 832-1000
Fax: (617) 832-7200


COTT CORPORATION,

By its attorneys

*/s/ Tracey Salmon-Smith*                .
Tracey Salmon Smith (Juris no. ct403222)
Tracey.SalmonSmith@dbr.com
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Tel. (973) 549-7038

-and-

Todd C. Schiltz
Todd.Schiltz@dbr.com
DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Suite 1410
Wilmington, DE 19801
Tel. (302) 467-4225


CR MERGER SUB, INC.

By its attorneys

*/s/ Tracey Salmon-Smith            .*
Tracey Salmon-Smith (Juris no. ct403222)
Tracey.SalmonSmith@dbr.com
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Tel. (973) 549-7038

-and-

Todd C. Schiltz
Todd.Schiltz@dbr.com
DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Suite 1410
Wilmington, DE 19801
Tel. (302) 467-4225

## **CERTIFICATION**

  I, John A. Shope, do hereby certify that, on November 20, 2018, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and a copy of the above-document was sent by first-class mail, postage prepaid, to the following:

Brian S. Cohen
Brian S. Cohen, Esq.
500 West Putnam Avenue, Suite 400
Greenwich, CT 06830

                */s/ John A. Shope*            .
                John A. Shope